**UNITED STATES of America,**

v.

**Demetrius JOHNSON, Defendant.**

**Criminal No. 97–0305(HHG).**

United States District Court,
District of Columbia.

Aug. 8, 1997.

Robert A. Spelke, Assistant U.S. Attorney, Washington, DC, for U.S.

Richard Seligman, Washington, DC, for Demetrius Johnson.

## OPINION

HAROLD H. GREENE, District Judge.

The issue before the Court is whether the government may condition its agreement to a plea bargain in a criminal case on the defendant's waiving his right to appeal from an erroneous or otherwise improper sentence.[1]

On August 5, 1997, the defendant and the prosecutor in this case appeared before the Court for plea proceedings. The defendant was prepared to enter a plea of guilty pursuant to a plea agreement, tendered by the government, which provided in pertinent part that the defendant

> voluntarily and knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction, or the manner in which that sentence was determined ... or on any ground whatever. [The defendant] also voluntarily and knowingly waives [his] right to challenge the sentence or the manner in which it was determined in any collateral attack,

including but not limited to a motion brought under Title 28, United States Code, Section 2255. [The defendant] further acknowledges and agrees that this agreement does not limit the government's right to appeal a sentence, as set forth in Title 18, United States Code, Section 3742(b).

The Court refuses to accept the plea conditioned upon such a waiver.

## I

A District Court Judge has an obligation under Rule 11 of the Federal Rules of Criminal Procedure and possibly under the Constitution to ensure that a defendant's plea of guilty is knowing and voluntary. Subsection (d) of Rule 11 provides that "[t]he court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement." The Rule "expressly directs the district court to inquire whether a defendant who pleads guilty understands the nature of the charge against him and is aware of the consequences of his plea." *McCarthy v. United States*, 394 U.S. 459, 464, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). It is the Court's view that acceptance of the provision for a waiver of the right to an appeal would vitiate the requirements of Rule 11.

The Court is well aware that a number of the Circuits have upheld a defendant's waiver of the right to appeal his sentence, and that some of these courts have sanctioned plea agreements similar to that before the Court. *See, e.g., United States v. Allison*, 59 F.3d 43, 46 (6th Cir.), *cert. denied*, 516 U.S. 1002, 116 S.Ct. 548, 133 L.Ed.2d 450 (1995); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir.1995).[2] However, and most respectfully, it is the view of this Court that it would be inappropriate for it to accept a plea agreement that waives the defendant's right to

---

1. It is the Court's understanding that this waiver language is now routinely included by prosecutors in plea agreements here and elsewhere in the United States, apparently in accordance with directives from the Department of Justice.

2. The Court of Appeals of this Circuit has not had occasion to pass upon the issue.

appeal an unconstitutional or otherwise illegal or erroneous sentence.

For one thing, the Court could not conclude in logic or justice that the defendant's waiver of the right to appeal an illegal or improper sentence is "knowing" inasmuch as the sentence is not and cannot be known at the time of the plea. In entering a plea of guilty, a defendant, of course, agrees to waive various rights, including the right to have a jury determine his guilt or innocence, the right to confront adverse witnesses, and the right against self-incrimination.

Unlike the waiver of those rights, however, waiver of the right to appeal an unconstitutional or otherwise illegal sentence is "inherently uninformed and unintelligent." *United States v. Melancon,* 972 F.2d 566, 571 (5th Cir.1992) (Parker, J., concurring). To cite only the most obvious example, the defendant cannot know at the time he signs the plea agreement and enters the plea whether the sentencing court will find a basis for enhancing the defendant's offense level under the Sentencing Guidelines or whether the court will depart upward from the applicable guideline range. The enhancement or departure may be valid or not, but its validity can be ascertained only after the sentence has been formulated and pronounced. Thus, it is only after the judge has sentenced the defendant that the latter knows which rights he waived, and whether those rights included the right to appeal a sentence in which the court may have erroneously applied the Guidelines or otherwise ordered an illegal or even unconstitutional sentence. The waiver could be regarded as knowing only if it be assumed that the appeal rights need not stand regardless of the grossness of the error of the sentencing court or the court's intent and purpose.[3]

## II

Indeed, a defendant's waiver of the right to appeal from an improper sentence runs contrary to the very purpose underlying the Sentencing Guidelines.[4] Under the framework of the Guidelines, there is appellate review of a District Court's compliance with the Guidelines and the basis of the Court's factual findings with respect to departures from the guideline range. Yet a waiver of appeal rights "sanctions district court usurpation of the discretionary authority Congress expressly took away from the federal trial courts in 1984." *Melancon,* 972 F.2d at 574 (Parker, J., concurring).

A District Court's plain and obvious error in applying the Guidelines—such as adopting a probation officer's erroneous calculation of the total offense level—is insulated from review by these waivers. Other courts have accepted this outcome, holding that "an improper application of the guidelines is not a reason to invalidate a knowing and voluntary waiver of appeal rights." *United States v. Feichtinger,* 105 F.3d 1188, 1190 (7th Cir. 1997). This Court finds this reasoning circular and contrary to Rule 11.

## III

Finally, the Court is unwilling to accept the specific waiver of appeal rights provision offered to the defendant because the same plea agreement does not limit the government's right to appeal a sentence. This glaring inequality strengthens the conclusion that this kind of plea agreement is a contract of adhesion. As a practical matter, the government has bargaining power utterly superior to that of the average defendant if only because the precise charge or charges to be

---

**3.** Presently under the government's plea agreement, a defendant could not appeal even from a sentence that was cruel and unusual in the Eighth Amendment sense.

**4.** As this Court has expressed a number of times, it believes the adoption of binding Sentencing Guidelines to have been a profound mistake, *inter alia,* because the guidelines scheme violates the doctrine of separation of powers and the Due Process Clause. *United States v. Roberts,* 726 F.Supp. 1359 (D.D.C.1989), *rev'd,* 925 F.2d 455

(D.C.Cir.1991); *United States v. Brodie,* 686 F.Supp. 941 (D.D.C.1988). Nevertheless, as long as the Guidelines remain in force, it is necessary that they be administered in a lawful and orderly manner. Elimination of the right of appeal, by waiver or otherwise, tends to deter that objective and condemns the criminal justice system to a state in which each Federal Judge is a law unto itself—the very condition that is cited by the proponents of the Guidelines as justifying their existence.

brought—and thus the ultimate sentence to be imposed under the guidelines scheme—is up to the prosecution. *See United States v. Roberts,* 726 F.Supp. at 1363. To vest in the prosecutor also the power to require the waiver of appeal rights is to add that much more unconstitutional weight to the prosecutor's side of the balance.[5]

For the reasons stated, the Court refuses to accept the present plea with the improper waiver provision.

---

5. It should also be noted that the government-sponsored plea agreement would vest in the government the power to delay sentencing until the government determines that the defendant's cooperation has been completed.