NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2047
_____

LINDA VALERINO,
Appellant

v.

CONRAD HOOVER; DAVID DRAKE;
ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. No. 1-08-cv-00035)
District Judge: Honorable Harvey Bartle III
_____

Argued December 10, 2015
Before:  FISHER, SHWARTZ, ROTH, *Circuit Judges*.

(Filed:  March 1, 2016)

Linda Valerino  *[ARGUED]*
4019 Beeston Hill
Christiansted, VI 00820
*Appellant*

Stephanie Fidler, Esq.
Office of United States Attorney
Suite 300, 99 Northeast 4th Street
Miami, FL 33132

Abby C. Wright, Esq.
United States Department of Justice
Civil Division, Room 7252

950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Andrew C. Simpson, Esq. *[ARGUED]*
Andrew C. Simpson Law Offices
2191 Church Street, Suite 5
Christiansted, VI 00820

Yohana M. Manning, Esq. *[ARGUED]*
Second Floor, 2120 Company Street
Christiansted, VI 00820
*Counsel for Appellees*

_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Linda Valerino, who reached a settlement in her Title VII suit while proceeding pro se, challenges the District Court's orders relating to the award of attorneys' fees to two lawyers she had retained during the lawsuit. For the reasons that follow, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The plaintiff, Linda Valerino, a former Deputy U.S. Marshal, brought a Title VII action against the Government based on her employment by the U.S. Marshals Service in the Virgin Islands. She eventually settled with the Government for $350,000. Shortly thereafter, Andrew Simpson and Yohana Manning, the two attorneys who had represented Valerino during the course of the lawsuit, filed motions for attorneys' fees. Valerino had terminated the services of both attorneys prior to the settlement.

At the beginning of her Title VII lawsuit, Valerino retained Andrew Simpson, who represented her from January 2008 until April 27, 2010. At some point during the representation, Valerino and Simpson entered into a written agreement that provided that she would pay Simpson a non-refundable flat fee of $50,000 upfront and also a contingency fee of "[o]ne fourth of the difference between the cash award and $50,000." The agreement made clear that Simpson was entitled to his fee regardless of whether he continued to represent Valerino at the time of settlement or judgment. Finally, the agreement contained an arbitration clause requiring that all disputes under the contract be referred to arbitration. Ultimately, Valerino terminated Simpson because of his representation of a different U.S. Marshals Service client in an unrelated matter.

Valerino then proceeded pro se for nearly a year, after which she hired Yohana Manning, who represented her from March 9, 2011, to December 14, 2011. Valerino then fired Manning and proceeded pro se again, but several years later she rehired him. Manning represented Valerino from February 24, 2014, until she fired him again on December 14, 2014. Though they were never reduced to writing, Valerino and Manning

3

entered into hourly fee agreements during each representation. During settlement negotiations with the Government, Manning offered to accept a lump sum fee of $65,000 if the case settled for $350,000, but Valerino did not accept that offer by its deadline.

When Valerino finally reached a settlement with the Government, she was not represented by counsel, having fired Manning ten days earlier. After the Government filed a notice of settlement, on December 24, 2014, the District Court ordered that the settlement money be deposited into the Registry of the Court pending the resolution of all disputes related to attorneys' fees. In late February and early March 2015, Simpson and Manning filed motions for attorneys' fees to be paid from the settlement.

The District Court granted Simpson's motion in its entirety, concluding that the fee agreement was reasonable and that Simpson was thus entitled to a fee of $75,000. Valerino failed to respond to Simpson's motion—despite the passage of 45 days and a notice by Simpson indicating that no response had been filed—but, the day after the District Court entered its memorandum opinion and order granting that motion, Valerino filed an emergency motion to vacate pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Simpson filed a brief in opposition to that motion, and, in her reply brief, Valerino raised the issue of arbitration for the first (and only) time. Importantly, Valerino never requested an order directing that arbitration proceed. The District Court denied Valerino's motion on the basis that, despite being fully aware of Simpson's motion, Valerino had failed to comply with deadlines and had never requested an extension of time. Then Valerino filed a motion to stay the payment of attorneys' fees to Simpson,

4

which the District Court promptly denied. Valerino filed several other motions in an attempt to prevent payment to Simpson, all of which were denied.

After reviewing the request for reasonableness, the District Court granted Manning's motion for attorneys' fees in part. The District Court did not reduce Manning's hourly rates but did reduce the number of hours Manning billed, concluding that certain hours billed were excessive or for tasks that were explicitly excluded from their agreement. The District Court also found that Manning and Valerino had never reached an agreement for a reduced fee of $65,000. The District Court's order was followed by a similar barrage of motions by Valerino. The Court denied these motions. Valerino now appeals the District Court's orders related to the disputes over attorneys' fees.

## II.

The District Court retained ancillary jurisdiction to resolve the attorney-client fee disputes.[1] We have jurisdiction over this matter as an appeal of a final decision of the District Court.[2]

## III.

### A.

Valerino challenges the District Court's fee award to Simpson on the basis that the dispute should have been referred to arbitration. We are not persuaded by Valerino's

---

[1] *Novinger v. E.I. DuPont de Nemours & Co.*, 809 F.2d 212, 217–18 (3d Cir. 1987).

[2] 28 U.S.C. § 1291.

arguments for two reasons: Valerino never requested that the matter be sent to arbitration, and, in any case, she waived this argument by failing to raise it until a reply brief on a Rule 60(b) motion.

First, Valerino never requested arbitration, but she now asks us to find that the District Court erred in not referring her fee dispute with Simpson to arbitration. Because Valerino did not petition the District Court for an order compelling arbitration, however, that issue is not properly before us.

Second, even if we were to construe Valerino's passing mention of the arbitration clause as a request to enforce that clause, we would still affirm because she failed to timely raise the issue in the District Court. "We generally do not address arguments that were not made in the district court . . . ."[3] This rule applies when a party fails to raise an issue until a post-judgment motion or a motion for reconsideration.[4] Here, Valerino did not file a response to Simpson's motion for attorneys' fees—even after Simpson filed a notice on the docket informing the Court that the deadline for Valerino's response had passed (a notice that cited the local rule that explained the calculation of deadlines). After the District Court ultimately ruled on Simpson's fee motion (45 days after it had been filed), Valerino filed a Rule 60(b) motion that still made no reference to the arbitration clause. It was in her reply brief related to that motion that she first raised the issue. Thus,

---

[3] *Ziccardi v. City of Phila.*, 288 F.3d 57, 65 (3d Cir. 2002).

[4] *See Pittston Co. Ultramar Am. Ltd. v. Allianz Ins. Co.*, 124 F.3d 508, 519 n.12 (3d Cir. 1997) ("As we have noted, courts often take a dim view of issues raised for the first time in post-judgment motions." (internal quotation marks and brackets omitted)).

even if we determined that Valerino adequately requested arbitration (and we do not), we would still conclude that she waived the issue by failing to timely raise it. [5]

## B.

Valerino challenges the District Court's award of attorneys' fees to Manning, arguing that Manning entered into an agreement for a reduced fee of $65,000. The District Court found that, although Manning had at one point offered to accept a fee of $65,000, the offer lapsed before Valerino accepted it. Valerino repeats her argument on appeal.

"This issue of contract formation invokes a mixed standard of appellate review."[6] Legal conclusions are questions of law subject to plenary review.[7] Contractual intent is a factual question reviewed for clear error.[8]

There is no question that Manning initially offered to accept a reduced fee of $65,000. The dispute is whether Manning revoked this offer before Valerino accepted it. "It is fundamental . . . that a contract is not created where there is not a meeting of the minds. For a settlement agreement to be binding, there must be mutual assent to the

---

[5] *See MBI Grp., Inc. v. Credit Foncier Du Cameroun*, 616 F.3d 568, 575 (D.C. Cir. 2010) (explaining that "district courts, like this court, generally deem arguments made only in reply briefs to be forfeited" (internal quotation marks omitted)); *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.*, 598 F.3d 257, 275 (6th Cir. 2010) ("Arguments raised only in reply, and not in the original pleadings, are not properly raised before the district court, and so are also not properly preserved for appeal.").

[6] *ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 665 (3d Cir. 1998).

[7] *Id.*

[8] *Id.*

essential terms and conditions."[9] The District Court made the factual finding that

Manning revoked his offer of a reduced fee on December 5, 2014, before Valerino

attempted to accept it. As such, there was no mutual assent to the essential terms of the

contract. The District Court's finding was not clearly erroneous. We will, therefore,

affirm the District Court's conclusion on this point.

C.

Finally, Valerino challenges the District Court's fee awards to both Simpson and

Manning as unreasonable. "We review de novo the standards and procedures applied by

the District Court in determining attorneys' fees, as it is a purely legal question."[10] The

reasonableness of a fee award, however, is reviewed for abuse of discretion.[11] The

District Court applied the substantive law of the Virgin Islands.[12] The reasonableness of

an attorney's fee is determined by contract law.[13] Courts must consider eight factors in

---

[9] *James v. Fitzpatrick*, 25 V.I. 124, 127 (Terr. Ct. 1990) (internal citation omitted).
[10] *Loughner v. Univ. of Pittsburgh,* 260 F.3d 173, 177 (3d Cir. 2001).
[11] *Id.* ("A fee award is within the district court's discretion so long as it employs correct standards and procedures and makes findings of fact not clearly erroneous." (internal quotation marks omitted)).
[12] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).
[13] *Rainey v. Hermon*, 55 V.I. 875, 880 (V.I. 2011).

8

determining the reasonableness of a contractual fee agreement.[14] The parties agree that the District Court applied the correct standard to this inquiry. Valerino's arguments center on the District Court's findings of fact as to each of the fee awards.

Valerino makes two relevant challenges to Manning's fee award. First, she argues that the District Court gave Manning too much credit for the favorable results in the case. The District Court concluded that Manning was responsible, in part, for Valerino's partial victory on the summary judgment motion. Valerino contends that she significantly assisted Manning in his opposition to the summary judgment motion and that the District Court did not account for this assitance in its calculations. But the District Court took Valerino's work (and the relevant legal work provided by Simpson) into account when determining how many hours Manning should be compensated for in relation to the summary judgment motion. Because of the work done by Valerino and Simpson in this context, the District Court reduced by half the number of hours that Manning billed for his work opposing the summary judgment motion. In any case, the District Court's factual finding that Manning's efforts resulted in the partial denial of summary judgment was not clearly erroneous. Second, Valerino challenges the District Court's conclusion

[14] Those factors are: "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent." *Id.* at 884–85 (internal quotation marks omitted).

that Manning's experience and ability justified the hourly rate he charged. Despite

Valerino's attempt to characterize Manning as inexperienced at civil litigation, the

District Court observed that Manning had litigated numerous criminal and civil matters

and had been mentioned in local newspapers in various matters. After reviewing

Manning's filings in this case and others, the District Court found that Manning was

experienced and concluded that a reduction in Manning's hourly rates was not warranted.

This finding, too, was not clearly erroneous.

Valerino also challenges the reasonableness of Simpson's fee award, arguing that

the District Court made erroneous factual findings related to the following factors: (i) the

time and labor required, (ii) the preclusion of other employment, (iii) the fee customarily

charged, (iv) the length and nature of relationship, (v) the results obtained, and (vi) the

reputation of Simpson. First, the District Court found that the case was factually complex

and required substantial time and effort. Valerino admits in her brief that Simpson

managed half of the production of documents and a third of the depositions taken during

discovery in this case. Second, the District Court found that Simpson was precluded from

other employment by his representation of Valerino. The District Court stated that

Valerino must have been aware that Simpson would be precluded from other employment

based strictly on the demands of the case, noting that Valerino "had previously had a

similar case against the Government on which her attorneys and paralegals spent nearly

10

800 hours combined."[15] Third, the District Court found that contingent fees in the Virgin Islands usually range from 33% to 40%, a figure taken from Simpson's unchallenged affidavit. Fourth, the District Court found that Simpson represented Valerino in this case for two years before she terminated him and that Valerino terminated Simpson without cause. Fifth, the District Court found that Simpson's representation (particularly his successful efforts to elicit favorable testimony from Valerino's supervisors) was an important part of the Court's decision to partially deny summary judgment. Sixth, the District Court found Simpson to be an experienced and able attorney whom Valerino admitted to retaining specifically because he was "the best."[16] These factual findings related to Simpson's representation were not clearly erroneous.

In conclusion, the District Court did not abuse its discretion by finding that the fee awards to Simpson and Manning were reasonable.

IV.

For the foregoing reasons, we will affirm the orders of the District Court.[17]

---

[15] (App. 70.)

[16] (App. 72.)

[17] Valerino filed a motion seeking the return of settlement funds to the district court's registry pending the outcome of the appeal. Because we affirm the District Court's orders awarding attorneys' fees to Simpson and Manning, Valerino's motion is denied as moot. In addition, we note that Valerino listed numerous orders connected with the fee issue. While she did not present specific arguments about every one of them, we nonetheless reviewed each order and are satisfied that each of the challenged orders was supported by the law and the facts.

11