# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued October 10, 2008　　　　　Decided April 14, 2009

No. 07-3077

UNITED STATES OF AMERICA,
APPELLEE

v.

MARIBEL A. GUILLEN,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 07cr00100-01)

*Tony Axam Jr.*, Assistant Federal Public Defender, argued the cause for appellant. With him on the briefs was *A.J. Kramer*, Federal Public Defender.

*Stratton C. Strand*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese III*, *Florence Pan*, and *Ronald Wesley Sharpe*, Assistant U.S. Attorneys.

Before: GINSBURG, TATEL and BROWN, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GINSBURG.


GINSBURG, *Circuit Judge*: As part of her agreement to plead guilty to one count of wire fraud, Maribel Guillen waived her right to appeal her sentence if it was within the range indicated by the United States Sentencing Guidelines. Guillen received such a sentence but appeals nonetheless, contending the waiver is not enforceable. We join the eleven other circuits with jurisdiction over criminal appeals in holding such waivers are generally enforceable.

## I.    Background

Guillen entered into an agreement with the Government whereby she would plead guilty to one count of wire fraud, which she committed as part of a scheme to embezzle funds from her former employer. The agreement also provided she

> [W]aives the right to appeal her sentence or the manner in which it was to be determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences Ms. Guillen to a period of imprisonment longer than the statutory maximum or (b) the Court departs upward from the applicable Sentencing Guideline range.

Guillen duly pled guilty. During the plea colloquy, the court told Guillen "you would always have the right to take an appeal if you thought my sentence was illegal." The court also explained the method it would use to sentence Guillen, which "start[s] with a presumption that [a sentence within the Guideline range] is reasonable." Later in the hearing, the court said:

> I do want to talk about [the waiver provision].
> As I understand this ... and this paragraph is a
> little bit different than the usual one, [Guillen]
> is giving up her right to appeal any sentence
> she receives unless I sentence her to a period
> longer than 20 years or unless I depart upwards
> from the guideline range.

Then, in light of Guillen's waiver, the court corrected its prior statement that Guillen "would always have the right" to appeal an illegal sentence. Guillen said she understood the waiver provision and the court accepted her plea.

The court later determined the applicable Guideline range was 15 to 21 months imprisonment. At a sentencing hearing the court considered Guillen's arguments that she ought to receive a sentence below the Guideline range, but concluded a sentence within "the guideline range is reasonable and meets the requirements of 18 U.S.C. § 3553." The court thereupon sentenced Guillen to the minimum Guideline sentence of 15 months imprisonment and to two years of supervised release and ordered her to pay restitution. Guillen appealed the sentence.

## II. Analysis

Guillen first argues the district court erred insofar as it believed a sentence within the Guideline range was presumptively reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2465 (2007) ("[T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply"). She further contends the district court imposed a sentence greater than necessary to accomplish the purposes of sentencing, contrary to 18 U.S.C.

§ 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing). We do not consider these arguments because, as explained below, we agree with the Government that Guillen validly waived her right to appeal a sentence within the Guideline range.

A.   General Validity of Pre-sentence Waivers

As the First Circuit has observed, "The basic argument against presentence waivers of appellate rights is that such waivers are anticipatory." *United States v. Teeter*, 257 F.3d 14, 21 (2001). Accordingly, Guillen argues a defendant cannot knowingly waive his right to appeal a sentence that has not yet been imposed. All eleven other courts of appeals with criminal jurisdiction (including the First) have rejected this argument and held such waivers are presumptively valid.[*] This court has enforced a waiver of the right to appeal a yet-to-be-imposed sentence on two occasions, *see United States v. West*, 392 F.3d 450, 458-61 (2004); *In re Sealed Case*, 283 F.3d 349, 355 (2002), but we have not yet determined "whether such waivers are valid as a general matter." *West*, 392 F.3d at 460-61.

---

[*] *See Teeter*, 257 F.3d at 21; *United States v. Monzon*, 359 F.3d 110, 116-17 (2d Cir. 2004); *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001); *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000); *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992); *United States v. Fleming*, 239 F.3d 761, 763-64, (6th Cir. 2001); *United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001); *United States v. Michelsen*, 141 F.3d 867, 871 (8th Cir. 1998); *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000); *United States v. Hahn*, 359 F.3d 1315, 1325-26 (10th Cir. 2004) (en banc) (per curiam); *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999).

We now agree with our sister circuits that such waivers generally may be enforced. A defendant may waive his right to appeal his sentence as long as his decision is knowing, intelligent, and voluntary. An anticipatory waiver — that is, one made before the defendant knows what the sentence will be — is nonetheless a knowing waiver if the defendant is aware of and understands the risks involved in his decision. *Cf. Brady v. United States*, 397 U.S. 742, 748-49 (1970) (waiver of right to trial by jury); *United States v. Cunningham*, 145 F.3d 1385, 1391 (D.C. Cir. 1998) (waiver of right to counsel). If "the record [shows] that [the defendant] knows what he is doing and his choice is made with eyes open," *Cunningham*, 145 F.3d at 1391 (internal quotation marks omitted), then the Court will enforce an anticipatory waiver.

In addition, we note the right to appeal a sentence is a creature of statute. *See* 18 U.S.C. § 3742. It would make little sense to hold a criminal defendant, who may waive basic rights guaranteed by the Constitution, may not waive a right created by statute and hence revocable at will by the Congress. *See* Judiciary Act of 1891, 26 Stat. 826, 828. The defendant cannot be certain of the consequences of waiving his constitutional right to trial by jury or to be represented by counsel any more than he can be certain of the consequences of waiving his right to appeal his sentence. In each situation, he must evaluate the possibilities open to him and their associated probabilities and, with the help of counsel, choose the most favorable alternative. A defendant who waives trial by pleading guilty, for example, believes the sentence he is likely to receive as a result (with credit for accepting responsibility) is more attractive than facing the range of possibilities — from acquittal on all counts to conviction and the maximum sentence on all counts — discounted by their corresponding probabilities. Pleading guilty allows the

defendant to narrow the range of possible penalties. The calculation a defendant makes in waiving his right to appeal his yet-to-be-imposed sentence is fundamentally similar and ought not to be treated differently.

Allowing a defendant to waive the right to appeal his sentence also gives him an additional bargaining chip to use in negotiating a plea agreement with the Government. *See Teeter*, 257 F.3d at 22. For example, the prosecutor might be willing to dismiss a count in exchange for the defendant's waiver of his right to appeal his sentence. Indeed, in certain circumstances an agreement may not be possible if the defendant may not waive his right to appeal. Allowing the defendant to waive this right therefore improves the defendant's bargaining position and increases the probability he will reach a satisfactory plea agreement with the Government.

B.   When a Pre-sentence Waiver is not Enforceable

By waiving the right to appeal his sentence, the defendant does not agree to accept any defect or error that may be thrust upon him by either an ineffective attorney or an errant sentencing court. Rather, the defendant waives his right to contest only a sentence within the statutory range and imposed under fair procedures; his waiver relieves neither his attorney nor the district court of their obligations to satisfy applicable constitutional requirements. Drawing upon the experience of sister circuits, therefore, we mention some circumstances that may lead a reviewing court not to enforce a pre-sentence waiver. *See*, *e.g.*, *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc) (per curiam); *Teeter*, 257 F.3d at 25 n.9-n.10; *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000); *United States v. Michelson*, 141 F.3d 867, 872 n.3 (8th Cir. 1998).

Most obvious, a waiver should not be enforced insofar as the defendant makes a colorable claim he received ineffective assistance of counsel in agreeing to the waiver. *See, e.g.*, *Hahn*, 359 F.3d at 1327; *Teeter*, 257 F.3d at 25 n.9. If such a claim is upheld, it follows that, because the defendant's attorney failed to ensure the defendant understood the consequences of his waiver, the waiver was not knowing, intelligent, and voluntary. If, however "a defendant's complaints of his counsel's inadequacy plainly lack merit, a court cannot allow itself to be manipulated" into voiding a bargained-for waiver of the right to appeal. *Cunningham*, 145 F.3d at 1392.

Nor should a waiver be enforced if the sentencing court's failure in some material way to follow a prescribed sentencing procedure results in a miscarriage of justice. If, for example, the district court utterly fails to advert to the factors in 18 U.S.C. § 3553(a), then this court may disregard the waiver and consider the defendant's argument that the district court imposed an unlawful sentence. In the same vein, a defendant does not waive his right to appeal a sentence that is unlawful because it exceeds the statutory maximum. *See*, *e.g.*, *Hahn*, 359 F.3d at 1327; *Teeter*, 257 F.3d at 25 n.10; *Michelson*, 141 F.3d at 872 n.3. Finally, we note a waiver does not shield from review a sentence colorably alleged to rest upon a constitutionally impermissible factor, such as the defendant's race or religion. *See, e.g.*, *Hahn*, 359 F.3d at 1327; *Teeter*, 257 F.3d at 25 n.9; *Brown*, 232 F.3d at 403; *Michelson*, 141 F.3d at 872 n.3.

C. Guillen's Waiver is Valid

We turn now to Guillen's claim her waiver of the right to appeal her sentence was not knowing, intelligent, and

voluntary. As with the validity of a defendant's waiver of the right to counsel, our review is *de novo*. *See Cunningham*, 145 F.3d at 1392.

In this case, the transcript of the plea hearing demonstrates that Guillen's waiver was knowing, intelligent, and voluntary. Guillen argues her waiver was not made knowingly because the district court initially said she "would always have the right to take an appeal if [she] thought [the] sentence was illegal." As the Government points out, however, the court later corrected this statement in light of Guillen's waiver. The court explained to Guillen she was waiving her right to appeal her sentence unless it was above the statutory maximum or was an upward departure from the Guideline range. Guillen then said she understood that, which leaves us with no reason to doubt Guillen's waiver was knowing, intelligent, and voluntary.

Guillen makes no argument that the district court failed to follow a prescribed sentencing procedure resulting in a miscarriage of justice. Instead, Guillen makes several arguments that have little relevance to our analysis.

First, Guillen argues the district court voided the waiver agreement when it told her, at the end of the sentencing hearing, "You do have the right to take an appeal from this sentence. If you want to do so you should tell [your attorney], and you have to let him know within ten days." This statement does not undermine the waiver agreement because it is correct; Guillen was entitled to appeal her sentence if it was above the statutory maximum or departed upward from the Guideline range. *See United States v. Atterberry*, 144 F.3d 1299, 1301 (10th Cir. 1998) (holding similar comment about right to appeal sentence did not void waiver agreement). More important, a statement made at the

sentencing hearing could not have informed (or misinformed) Guillen's decision to waive her right to appeal because that decision was made at the earlier plea hearing. *See id.*

Next, Guillen argues she is entitled to appeal because she waived her right to appeal only under 18 U.S.C. § 3742 and not under 28 U.S.C. § 1291. Unlike § 3742, however, § 1291 does not give a criminal defendant a right to appeal. Rather, § 1291 gives the circuit courts subject matter jurisdiction over final orders of the district courts, including sentencing orders, *see Hahn*, 359 F.3d at 1322.

Finally, Guillen argues her waiver should not be enforced because the district court impermissibly presumed any sentence within the Guideline range was reasonable. Here Guillen points to the district court's statement at the plea hearing that it "starts with a presumption" that a sentence within the Guideline range is reasonable. *But see Rita*, 127 S. Ct. at 2465 ("sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply"). Guillen's argument that the court impermissibly applied a presumption of reasonableness to a sentence within the Guideline range is of the kind a reviewing court need not consider when the defendant has waived his right to appeal a sentence or the manner in which it was determined. As stated above, we will disregard a waiver agreement on account of a district court's procedural error only if the error results in a miscarriage of justice; that the district court presumed any sentence within the Guideline range would be reasonable deprived Guillen of no element essential to a lawful sentence. Guillen points to three decisions holding it impermissible for a district court to presume a sentence within the Guideline range is reasonable. *See United States v. Ross*, 501 F.3d 851, 853 (7th Cir. 2007); *United States v. Conlan*, 500 F.3d 1167, 1169-70 (10th Cir. 2007); *United States v. Wilms*, 495 F.3d

277, 281-82 (6th Cir. 2007). Notably, however, none of these cases involved a defendant who had waived his right to appeal his sentence.

From our review of the transcript of Guillen's sentencing hearing, it is apparent the district court identified the correct Guideline range, considered the factors in § 3553(a), and chose a sentence within the Guideline range. Pursuant to the terms of the waiver agreement and the concomitantly limited scope of our review, we do not consider whether the district court erred by applying a presumption of reasonableness to a sentence within that range. Moreover, because we hold Guillen's waiver was knowing, intelligent, and voluntary, we do not consider her arguments that the sentence was substantively unreasonable because the district court failed to give sufficient weight to her poor health, her personal history, and her cooperation with authorities.

## III. Conclusion

Guillen waived her right to appeal any sentence below the statutory maximum and within the Guideline range. She appealed anyway but advances no argument that would cause us to disregard her waiver: She makes no claim she received ineffective assistance of counsel and she has not shown that the district court worked a miscarriage of justice by failing to follow an essential procedure or relied upon a constitutionally impermissible factor in determining her sentence. We therefore enforce the waiver agreement and hold she waived her right to appeal her sentence. Her appeal is, accordingly,

*Dismissed.*