# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued January 9, 2015          Decided March 20, 2015

No. 13-3020

UNITED STATES OF AMERICA,
APPELLEE

v.

MARK-ANTHONY ELISHA ADAMS,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:12-cr-00093-1)

*Deborah A. Persico* argued the cause for appellant. On the brief was *Joseph Virgilio*.

*Peter S. Smith*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen, Jr.*, U.S. Attorney, and *Elizabeth Trosman*, *Elizabeth H. Danello*, and *Jonathan P. Hooks*, Assistant U.S. Attorneys.

Before: TATEL and MILLETT, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* GINSBURG.

GINSBURG, *Senior Circuit Judge*: Mark-Anthony Elisha Adams appeals the sentence imposed by the district court after he pleaded guilty to conspiracy to commit wire and mail fraud. We dismiss the appeal because, in his plea agreement, Adams waived his right to appeal.

## I. Background

A grand jury indicted Adams for having devised and carried out a scheme to defraud the United States Agency for International Development. Adams agreed to plead guilty to one count of conspiracy to commit wire and mail fraud in return for which the Government would move to dismiss the other 21 counts in the indictment. The agreement explained the sentence would be determined by the court and the range indicated by the United States Sentencing Guidelines was 51 to 63 months imprisonment. The parties further "agree[d] that a sentence within the applicable Guidelines Range ... would constitute a reasonable sentence," and that Adams

> waive[d] the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences [Adams] to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).

After Adams pleaded guilty the district court sentenced him to the minimum Guidelines term of 51 months imprisonment and to three years of supervised release, and ordered him to pay restitution.

## II. Analysis

Adams argues the district court erred in three respects. First, he contends the court erred by denying his motion to delay sentencing, filed two days before his sentencing hearing, until two doctors determined whether Adams would benefit from simultaneous organ transplants. Adams claims the information provided by the doctors would have aided the court in deciding whether any time in prison was warranted in light of Adams's ill health. Second, Adams argues the court erred during the sentencing hearing by cutting short his cross-examination of the Government's witness, who testified about the medical care Adams would receive in prison. Third, Adams argues his sentence is substantively unreasonable. We do not consider any of these arguments because Adams waived his "right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742."

A "knowing, intelligent, and voluntary" waiver of the right to appeal "generally may be enforced." *United States v. Guillen*, 561 F.3d 527, 529 (D.C. Cir. 2009). We will not enforce a waiver, however, if "the defendant makes a colorable claim he received ineffective assistance of counsel in agreeing to the waiver" or "if the sentencing court's failure in some material way to follow a prescribed sentencing procedure results in a miscarriage of justice." *Id.* at 530–31. The latter exception applies if, for example, "the district court utterly fails to advert to the factors in 18 U.S.C. § 3553(a)," the sentence exceeds the statutory maximum, or the sentence is "colorably alleged to rest upon a constitutionally impermissible factor, such as the defendant's race or religion." *Id.* at 531.

Adams relies upon the "miscarriage of justice" exception to argue that we should refuse to enforce the waiver, but he

has neither claimed nor shown that any of the examples identified in *Guillen*, nor any comparably serious procedural failure, infects this case. Instead, Adams takes issue with the way in which the district judge exercised her discretion in deciding what evidence was relevant to the determination of his sentence. Specifically, he argues the district court should have postponed sentencing while he gathered additional medical evidence and should have allowed him more leeway to cross-examine the Government's witness during the sentencing hearing. As other courts have explained, however, "an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver." *United States v. Andis*, 333 F.3d 886, 892 (8th Cir. 2003) (en banc). Accordingly, when Adams waived his right to appeal "his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742," he agreed to forgo both the procedural and the substantive challenges that he now seeks to press on appeal. *See* 18 U.S.C. § 3742(a)(1) (authorizing appeals of sentences "imposed in violation of law"); *see also United States v. Buissereth*, 638 F.3d 114, 117 (2d Cir. 2011) ("While [the defendant's] appeal waiver did not relieve the District Court of its responsibility to follow the procedural requirements related to the imposition of a sentence, the appeal waiver does preclude this Court from correcting the errors alleged to have occurred"); *United States v. Soto-Cruz*, 449 F.3d 258, 261 (1st Cir. 2006) (rejecting the appellant's argument that "enforcement of the appeal waiver would work a miscarriage of justice because the district court denied his request to present, in a closed hearing, mitigation evidence and evidence of his background" before the court imposed the sentence).

Viewed ex ante, not even Adams would want this case decided as he argues it ex post. As we have observed before,

"[a]llowing a defendant to waive the right to appeal his sentence ... gives him an additional bargaining chip to use in negotiating a plea agreement with the Government." *Guillen*, 561 F.3d at 530. If the Government cannot count upon the waiver being enforced in the mine run of cases — those in which enforcing it would not work a miscarriage of justice — then waiver will lose its value as a "bargaining chip" for a defendant. For this reason, "the miscarriage of justice exception is a very narrow exception to the general rule that waivers of appellate rights are enforceable." *United States v. Blue Coat*, 340 F.3d 539, 542 (8th Cir. 2003).

## III. Conclusion

Adams waived his right to appeal a sentence within the Guidelines range. The waiver is enforceable because he "has not shown that the district court worked a miscarriage of justice by failing to follow an essential procedure or relied upon a constitutionally impermissible factor." *Guillen*, 561 F.3d at 532. Adams's appeal is, therefore,

*Dismissed.*