# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 24, 2015       Decided October 27, 2015

No. 14-3022

UNITED STATES OF AMERICA,
APPELLEE

v.

OSCAR RAMIRO ORTEGA-HERNANDEZ, ALSO KNOWN AS
OSCAR RAMIRO ORTEGA,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:12-cr-00014-1)

*Marie L. Park*, appointed by the court, argued the cause and filed the briefs for appellant.

*James A. Ewing*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney at the time the brief was filed, *Elizabeth Trosman*, *John P. Mannarino*, *Alessio Evangelista*, and *George Varghese*, Assistant U.S. Attorneys.

Before: HENDERSON, KAVANAUGH and PILLARD, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* PILLARD.

2

PILLARD, *Circuit Judge*: Oscar Ramiro Ortega-Hernandez pleaded guilty to injuring a dwelling and placing lives in jeopardy, 18 U.S.C. § 1363, and discharging a firearm during a crime of violence, *id.* § 924(c)(1)(A). As part of a plea bargain, he agreed to waive his right to appeal his sentence. That sentence includes a twenty-five year term of imprisonment, which falls within the applicable Sentencing Guidelines range, and sixty months of supervised release. The district judge indicated—inadvertently, it appears—on the written judgment of conviction, but not in the oral pronouncement of the sentence, that Ortega-Hernandez must register as a sex offender as a condition of his supervised release. The government never asked the district court to require that Ortega-Hernandez register as a sex offender, and it has not identified facts that would support such a registration. The parties agree that the district court erred in checking the "sex offender" box on the pre-printed judgment form.

On appeal, Ortega-Hernandez challenges two aspects of his sentence. First, he contends that he should not be subject to the sex-offender registration condition of supervised release. The government agrees. Because the government has not asked us to enforce the appeal waiver with respect to that condition, we address on its merits Ortega-Hernandez's challenge to that condition and remand to the district court to conform the written judgment to the oral sentence. Second, Ortega-Hernandez contends that, given Ortega-Hernandez's mental health history, the sentencing judge committed procedural and substantive error in setting such a long term of imprisonment. The government counters that Ortega-Hernandez validly waived his right to appeal that aspect of his sentence. We agree with the government on that point. We therefore dismiss Ortega-Hernandez's challenge to his term of imprisonment.

**I.**

On November 11, 2011, Ortega-Hernandez aimed a high-powered rifle at the White House and fired at least eight shots. Several bullets hit the part of the building where the President and his family live. No one was injured. According to people who know him, Ortega-Hernandez harbored paranoid beliefs about the federal government. He believed that President Obama was the anti-Christ and that it was Ortega-Hernandez's mission, as "the modern day Jesus Christ," to "take out Obama." Gov't App. 106-07.

The United States charged Ortega-Hernandez with nineteen counts related to the shooting, including attempting to assassinate the President. Shortly before his trial was set to begin, Ortega-Hernandez pleaded guilty to, and was convicted of, two counts. As part of the plea deal, he agreed to a terrorism adjustment that significantly raised his estimated offense level under the Sentencing Guidelines, resulting in an estimated guideline range of 288 to 330 months of imprisonment. The plea agreement stipulates that a sentence within that range "would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a)." Pub. App. 29.

Ortega-Hernandez's plea agreement includes a waiver of his right to appeal. The appeal waiver states that Ortega-Hernandez waived "the right to appeal the sentence in this case, including any term of imprisonment, fine, award of restitution, term of supervised release, and the manner in which the sentence was determined, except to the extent the Court sentences [him] above the statutory maximum or applicable guidelines range . . . ." Pub. App. 32.

At the plea hearing, the district judge reviewed the plea agreement with Ortega-Hernandez, as required by Federal Rule of Criminal Procedure 11. The judge observed that "everybody has agreed that a sentence within the estimated guideline range would be a reasonable sentence under the law," and asked Ortega-Hernandez whether he understood that. Pub. App. 59. He answered that he did. As to the appeal waiver, the judge explained that "normally a defendant can appeal his sentence and say it was the wrong sentence, it's too stern. You've agreed not to do that as long as you are not sentenced above the statutory maximum or higher than the guideline range." Pub. App. 63. She also informed Ortega-Hernandez that, notwithstanding the appeal waiver, he would retain his right to attack his sentence on the ground that he had received ineffective assistance of counsel or that he had newly discovered evidence. The judge asked if he understood those limitations on his appellate rights, and he replied that he did. Ortega-Hernandez further confirmed that he understands English, read the plea documents and discussed them with his lawyers, and was satisfied with his lawyers' advice. The judge found that Ortega-Hernandez's decision was informed and voluntary and accepted his plea of guilty to the two counts.

During sentencing proceedings, Ortega-Hernandez urged the district judge to vary from the agreed-upon guideline range. Defense counsel argued that Ortega-Hernandez was not a terrorist; rather, he was a confused, mentally troubled person who had not intended to kill the President. The judge acknowledged those arguments and noted that they were "well-taken." She then talked about each of the relevant factors under 18 U.S.C. § 3553(a). She acknowledged Ortega-Hernandez's mental health struggles and granted them some mitigating weight, though she ultimately concluded that

they were offset by the seriousness of the offense and the need for both specific and general deterrence.

The district judge then announced the sentence. She imposed a three-hundred-month term of imprisonment, a sixty-month term of supervised release, and a restitution award. The judge also announced several general and special conditions of supervised release to which Ortega-Hernandez would be subject, including that he should cooperate with DNA collection and must not possess a firearm or other dangerous weapon. She said nothing about sex-offender registration.

Three days later, the district judge entered the written judgment against Ortega-Hernandez. The judgment form is pre-printed, with spaces to enter information and options to check boxes. In the section entitled "Supervised Release," the form lists generally applicable conditions of supervised release. It also lists five potential additional conditions with boxes for the judge to check if those conditions apply. As relevant here, the second of the five conditions prohibits the defendant from possessing a firearm, ammunition, and other weapons. The third condition mandates cooperation with DNA collection. The fourth condition orders compliance with the requirements of the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901, *et seq.* (SORNA), as directed by the appropriate official. Ortega-Hernandez has never been convicted of a sex offense. To make the written judgment track the oral sentence, the judge should have checked the second and third boxes; instead, she checked the third and fourth. Ortega-Hernandez's counsel filed a notice of appeal the following business day.

**II.**

We have jurisdiction over this appeal, irrespective of the validity of the appeal waiver. *See United States v. Shemirani*, No. 13-3080, 2015 WL 5616250, at *2 (D.C. Cir. June 12, 2015). We review *de novo* the validity of Ortega-Hernandez's waiver of the right to appeal his sentence. *See United States v. Guillen*, 561 F.3d 527, 531 (D.C. Cir. 2009).

**A.**

The parties agree that Ortega-Hernandez should not be subject to sex-offender registration as a condition of his supervised release. They are correct, and the appeal waiver does not prevent us from so holding. Because "waiver of appellate rights is not a jurisdictional issue," *Shemirani*, 2015 WL 5616250, at *2, we need not enforce an appeal waiver when the government has not asked us to do so, *see United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012) ("[T]he government does not seek to enforce the [appeal] waiver, and we will not sua sponte enforce it."). By declining to raise the argument on appeal, the government may waive the appeal waiver's bar against appellate review. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) ("In the absence of the government's objection to [the defendant's] appeal based on his appeal waiver, the waiver is not binding because the government has waived the issue."). That is precisely what the government has done in this case. The government has not asked us to enforce Ortega-Hernandez's waiver of his right to appeal, at least with respect to the sex-offender registration condition imposed on him by the written judgment of sentence. The government conceded as much in oral argument. *See* Oral Arg. Rec. 20:05-:10 ("We are not asking this court to enforce [the appeal waiver] as to the SORNA registration requirement.").

The government and Ortega-Hernandez both affirmatively request in their briefing to us that we remand this case to the district court to conform the written judgment to the oral pronouncement of the sentence. *See* Gov't Br. 15; Appellant's Br. 22. Because the "pronouncement of the sentence constitutes the judgment of the court," *United States v. Love*, 593 F.3d 1, 9 (D.C. Cir. 2010) (quoting *Kennedy v. Reid*, 249 F.2d 492, 495 (D.C. Cir. 1957)), when the written judgment is inconsistent with the pronouncement of the sentence, "we will order the judgment corrected to conform to the sentence imposed from the bench," *id*. It appears that the judge was one line off when she checked the two boxes. We therefore remand to the district court with instructions to conform the written judgment to the oral sentence.

**B.**

Ortega-Hernandez raises a second challenge to his sentence: He contends that his within-guidelines term of imprisonment is unreasonable. According to Ortega-Hernandez, the district judge failed to adequately consider, and give appropriate mitigating weight to, his mental health, and failed to sufficiently explain her reasons for refusing his request for a downward variance from the guideline range. The government asserts that Ortega-Hernandez validly waived his challenge to the length of a sentence within the guideline range and so we should not consider it. We agree with the government.

The government has waived enforcement of the appeal waiver only as to the condition of supervised release requiring Ortega-Hernandez to register as a sex offender. It seeks enforcement of the appeal waiver as to the procedural and substantive reasonableness of Ortega-Hernandez's term of imprisonment. Such partial invocation of the appeal waiver is

permissible. *See Story*, 439 F.3d at 231 (determining that the defendant's "waiver of appeal is enforceable to the extent that the government invokes the waiver provision in his plea agreement"). Because we are satisfied that Ortega-Hernandez made a knowing, intelligent, and voluntary waiver of his right to appeal his sentence to a term of imprisonment within the guideline range, we will enforce that waiver. *See Guillen*, 561 F.3d at 529 (stating that "knowing, intelligent, and voluntary" appeal waivers "generally may be enforced"); *cf. United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003) (en banc) ("The requirement that a plea agreement and waiver be entered into knowingly and voluntarily applies to each term of an agreement.").

Ortega-Hernandez agreed as part of his plea bargain that a sentence within the guideline range—as his sentence is— would be reasonable according the factors set out in 18 U.S.C. § 3553(a). He also specifically waived his right to challenge the duration of his term of imprisonment. The district judge conducted a plea colloquy in accordance with Federal Rule of Criminal Procedure 11, during which Ortega-Hernandez confirmed that he had consulted with his lawyers and understood the rights he was forgoing. There is no reason to doubt that Ortega-Hernandez's waiver of his right to appeal his prison sentence was knowing, intelligent, and voluntary.

Ortega-Hernandez points out that the written judgment states that "[t]he defendant has a right to appeal the sentence imposed by this Court." Appellant's Br. 16 (quoting Pub. App. 91). That fact is irrelevant. A judge's statement made at a sentencing hearing "could not have informed (or misinformed) [the defendant's] decision to waive [the] right to appeal because that decision was made at the earlier plea hearing." *Guillen*, 561 F.3d at 531. The same is true of a judge's statement made after a sentencing hearing, as

occurred here. Consequently, we will not entertain Ortega-Hernandez's challenge to the reasonableness of his term of imprisonment. *See id.* at 532 ("[B]ecause we hold [the defendant's] waiver was knowing, intelligent, and voluntary, we do not consider her arguments that the sentence was substantively unreasonable because the district court failed to give sufficient weight to her poor health, her personal history, and her cooperation with authorities.").

\* \* \*

For the foregoing reasons, we remand the case to the district court for correction of the error in Ortega-Hernandez's written sentence misidentifying a condition of supervised release, and we dismiss the appeal as to the remaining issue.

*So ordered.*