**UNITED STATES of America,**
**Appellee.**

v.

**Raul Arturo FERNANDEZ, Appellant.**

**No. 12–3096.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 1, 2015.

Christopher Jackson Smith, U.S. Department of Justice, Washington, DC, Elizabeth Trosman, Esq., USAO Appellate Counsel, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Joseph Roll Conte, Law Offices of J.R. Conte, Washington, DC, Charles Jay Soschin, Law Office of Charles Soschin, Washington, DC, for Defendant–Appellant.

Before: KAVANAUGH and WILKINS, Circuit Judges, and EDWARDS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the appeal be **DISMISSED.**

Raul Arturo Fernandez pled guilty to one count of conspiracy to distribute co-

caine with the intent that it would be imported into the United States. His plea agreement included a provision waiving his right to appeal. During Fernandez's plea colloquy, the District Court thoroughly explained the appeal waiver, and Fernandez indicated that he understood the waiver. The District Court then found that Fernandez's waiver was knowing, intelligent, and voluntary. Subsequently, the District Court sentenced Fernandez to 144 months in prison, a term within the agreed-upon guideline range. Fernandez now seeks to challenge his sentence on appeal, arguing that the sentence is unreasonable.

Appeal waivers are enforceable, subject to a few limited exceptions, as long as they are entered into by the defendant knowingly, intelligently, and voluntarily. *United States v. Guillen*, 561 F.3d 527, 529–31 (D.C.Cir.2009). On appeal, Fernandez offers no challenge to the validity of his appeal waiver. His opening brief makes no mention of the waiver. And he did not file a reply brief after the Government, in its brief as appellee, expressly requested enforcement of the appeal waiver. In light of the appeal waiver, we dismiss Fernandez's appeal.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.