# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued January 22, 2018          Decided March 23, 2018

No. 17-3012

UNITED STATES OF AMERICA,
APPELLEE

v.

JAMES POWERS,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-cr-00076-1)

*Robert S. Becker*, appointed by the court, argued the cause and filed the briefs for appellant.

*Rachel Heron*, Attorney, U.S. Department of Justice, argued the cause for appellee. With her on the brief were *Jeffrey H. Wood*, Acting Assistant Attorney General, *Eric Grant*, Deputy Assistant Attorney General, and *Jennifer Scheller Neumann* and *John Smeltzer*, Attorneys. *Elizabeth Trosman* and *James A. Ewing*, Assistant U.S. Attorneys, entered appearances.

Before: TATEL, SRINIVASAN, and PILLARD, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* SRINIVASAN.

SRINIVASAN, *Circuit Judge*:  James Powers pleaded guilty to one count of failing to remove asbestos-containing material prior to renovation, in violation of 42 U.S.C. § 7413(c)(1).  On appeal, Powers raises procedural and substantive challenges to the sentence imposed by the district court.  He also contends that he received ineffective assistance of counsel at sentencing.

We do not reach the merits of Powers's claims.  With regard to his procedural and substantive challenges to his sentence, he waived his ability to appeal on those grounds as part of his plea agreement.  With regard to his claim of ineffective assistance of counsel, he forfeited the claim for purposes of this appeal by failing to assert it until his reply brief.  We therefore affirm the judgment of the district court.

I.

For several months, Powers led efforts to convert a historic property in Southeast Washington, D.C. into condominiums.  During construction, an environmental consultant visited the renovation site and informed Powers that the building's pipe insulation, floor tiles, and wall board contained asbestos.  Under the Clean Air Act and regulations promulgated thereunder, the asbestos needed to be removed before the renovation could proceed.  *See* 42 U.S.C. § 7412(b)(1); 40 C.F.R. § 61.145.

Although Powers assured D.C. officials that he would halt construction and abate the asbestos, he instead directed the construction workers to continue the project.  The workers removed asbestos-containing materials without wearing adequate protective gear.  Also, instead of disposing of the asbestos material in a safe place as required by law, the workers

left the material on the ground and in open dumpsters outside the property.

Once the D.C. Department of the Environment realized that Powers had continued renovations without abating the asbestos, the Department issued a cease and desist order. A grand jury then indicted Powers for violating the Clean Air Act and committing wire fraud.

Powers pleaded guilty to one count of failing to remove asbestos-containing material from the property before renovating it, in violation of 42 U.S.C. § 7413(c)(1). As part of the plea agreement, the parties agreed to a base offense level of eight under the United States Sentencing Guidelines, and up to a three-level reduction for Powers's acceptance of responsibility. The parties reserved their ability to present argument to the district court on the applicability of two sentencing enhancements: one for an ongoing discharge of a hazardous substance, U.S.S.G. § 2Q1.2(b)(1)(A); the other for an offense resulting in a substantial likelihood of death or serious bodily injury, U.S.S.G. § 2Q1.2(b)(2). Powers agreed that, if the enhancements applied, his estimated Sentencing Guidelines range would be thirty-three to forty-one months and a sentence within that range would be reasonable. He also agreed to waive his right to appeal any sentence within or below the Guidelines range, unless he claimed he received ineffective assistance of counsel.

At sentencing, Powers urged the district court to refrain from applying the two sentencing enhancements, to vary downward from the Guidelines range, and to impose a sentence only of probation. The court found that the two enhancements applied, but concluded that the resulting sentencing range of twenty-four to thirty months was greater than warranted. The court therefore sentenced Powers to twenty months of

imprisonment, to be followed by thirty-six months of supervised release.  Powers then brought this appeal.

## II.

### A.

Powers seeks to raise both procedural and substantive challenges to his sentence on appeal.  The government argues that we should not reach the merits of Powers's arguments.  According to the government, Powers, as part of his plea agreement, waived the right to appeal his sentence on the grounds he now seeks to assert.  We agree with the government.

A criminal defendant may waive the right to appeal a sentence, even before knowing what the sentence will be, if the waiver is "knowing, intelligent, and voluntary."  *United States v. Guillen*, 561 F.3d 527, 529-30 (D.C. Cir. 2009).  To ensure that a defendant's waiver meets that standard, the district court must conduct a colloquy with the defendant to review the terms of the plea agreement, including any waiver of the right to appeal.  *See* Fed. R. Crim. P. 11(b)(1).  On review, if the record shows that a properly informed defendant made the decision "with eyes open," we will enforce an anticipatory waiver of the right to appeal.  *Guillen*, 561 F.3d at 529-30 (quoting *United States v. Cunningham*, 145 F.3d 1385, 1391 (D.C. Cir. 1998)).

Here, Powers validly waived his right to appeal his sentence on the grounds that the sentence is procedurally or substantively unreasonable.  As part of his written plea agreement, Powers expressly "waive[d] the right to appeal the sentence in this case, including any term of imprisonment," unless he were to receive a sentence exceeding the statutory maximum or the Guidelines range determined by the court, or were to raise a claim that he received ineffective assistance of counsel.  App. 40.

At the plea hearing, the district court reviewed the terms of the plea agreement with Powers.  The court explained that Powers was relinquishing his "right to appeal except in the limited exceptions" enumerated in the plea agreement.  App. 129-30.  When the court asked whether Powers understood what he was giving up, he said he did.  The court next observed that the parties, having reserved their ability to present arguments on the applicability of two sentencing enhancements, left that determination to the court.  The parties acknowledged, however, that those reservations did not include appeal rights.  As a result, the court explained to Powers, even if the court were to apply both of the disputed enhancements, Powers could appeal only if the sentence exceeded the Guidelines range.  Powers again said he understood.  After Powers confirmed that he had no further questions about the plea agreement, the court accepted his guilty plea, finding that he had made his decision knowingly and voluntarily.

Powers now seeks to challenge his sentence on appeal.  He argues that the district court erred in applying the two sentencing enhancements and failed to consider the need to avoid unwarranted sentencing disparities.  He further contends that his twenty-month sentence is substantively unreasonable because it exceeds the sentences received by other defendants in comparable situations.  Because Powers waived his right to appeal on those grounds in his written plea agreement, and because the record shows that his waiver was knowing and voluntary, Powers cannot bring those claims on appeal.

In his reply brief, Powers advances three reasons for denying enforcement of his appeal waiver.  The government initially asserts that Powers forfeited those challenges to the waiver's enforceability by raising them for the first time in his reply brief.  We disagree.  It is true that appellants ordinarily must raise any issues ripe for our consideration in their opening

briefs.  *See, e.g.*, *Abdullah v. Obama*, 753 F.3d 193, 199 (D.C. Cir. 2014).  But an appellant generally may, in a reply brief, "respond to arguments raised for the first time in the appellee's brief."  16AA Charles Alan Wright et al., Federal Practice and Procedure: Jurisdiction § 3974.3 (4th ed. 2017); *see MBI Grp., Inc. v. Credit Foncier Du Cameroun*, 616 F.3d 568, 575 (D.C. Cir. 2010).

Consequently, Powers was not required to assume in his opening brief that the government would rely on the appeal waiver.  Rather, he could wait to see if the government would invoke the appeal waiver in its brief, and then, if so, contest the appeal waiver's enforceability in his reply brief.  *See United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008).  *But see United States v. Arroyo-Blas*, 783 F.3d 361, 367 (1st Cir. 2015).  Powers therefore did not forfeit his challenges to the appeal waiver's enforceability by waiting to assert them until his reply brief.

On the merits, however, Powers's arguments against enforcing the appeal waiver are unpersuasive.  Powers first contends that his plea agreement is an unenforceable contract of adhesion.  He notes that, although the plea agreement limited his appeal rights, the government remained free to appeal or use his plea in future litigation.  He also points to a provision permitting the government to argue against a reduction for acceptance of responsibility if he obstructed justice before sentencing.  As a result, Powers asserts, the plea agreement is too one-sided to be enforceable.  As support, he cites two district court decisions concluding that a waiver of a right to appeal a yet-to-be-imposed sentence is unenforceable.  *See United States v. Raynor*, 989 F. Supp. 43 (D.D.C. 1997); *United States v. Johnson*, 992 F. Supp. 437 (D.D.C. 1997).

Our decision in *Guillen*, however, later rejected that very claim. An appeal waiver, we explained, gives the defendant "an additional bargaining chip" to use in securing a plea agreement with the government. *Guillen*, 561 F.3d at 530. We therefore enforce a bargained-for appeal waiver unless the defendant enters into it unknowingly, unintelligently, or involuntarily. Here, Powers's arguments about the fairness of his plea agreement's particular terms do not afford a basis for questioning his knowing and voluntary consent to the agreement, including the appeal waiver.

Powers next argues that he could not have "intelligently" agreed to the plea agreement because several of the agreement's terms are too complicated for a defendant to comprehend. Specifically, he points to the ostensible difficulty of distinguishing between his waiver of his rights to appeal or collaterally attack his sentence, on one hand, and the parties' reservation of their rights of allocution in connection with any post-sentence motion, on the other hand. None of Powers's contentions on appeal about the complexity of the plea agreement can carry the day in light of his repeated affirmations to the district court that he understood the agreement's terms. Indeed, even now, Powers makes no representation that he in fact misunderstood the agreement.

Finally, Powers points to an alleged misstatement by the district court concerning the government's appeal rights. In the pertinent colloquy, the court correctly explained that the parties had left it to the court to determine whether to apply two sentencing enhancements, but had agreed that, regardless of the court's decision, Powers would be barred from appealing on the issue. The court also stated that the government could not appeal if the court declined to apply the enhancements. According to Powers, that statement was incorrect because the

government would have been precluded only from backing out of the agreement, not from appealing.

Even assuming the court's statement was incorrect in that regard, Powers does not explain how the court's misstatement about the *government's* appeal rights could have affected his understanding of his own appeal rights. With regard to the latter, the court spoke clearly and correctly: "if I rule that the government is right [that the enhancements apply] and the guidelines you're facing are longer, you understand that you're not going to appeal that decision." App. 130. Powers confirmed he understood.

In short, Powers gives us no reason to doubt that his waiver of his right to appeal his sentence was knowing, intelligent, and voluntary. We therefore decline to consider his procedural and substantive challenges to his sentence.

B.

Powers also seeks to raise one claim that falls outside the scope of his appeal waiver. He argues, for the first time in his reply brief, that his counsel rendered constitutionally ineffective assistance by failing to marshal additional mitigation evidence supporting a shorter sentence. The parties agree that the appeal waiver, by its terms, does not encompass claims of ineffective assistance of counsel. Powers, however, forfeited his ineffective-assistance-of-counsel claim for purposes of this appeal by failing to raise it in his opening brief.

As we have explained, a defendant generally may raise challenges to the enforceability of an appeal waiver for the first time in a reply brief, in response to the government's invocation of the waiver. Powers's ineffective-assistance-of-counsel claim, though, does not pertain to the enforceability of his appeal waiver. Powers does not contend, for instance, that

his counsel rendered ineffective assistance in advising Powers about the decision to enter into the plea agreement or to waive his right to appeal. *See Guillen*, 561 F.3d at 530-31.

Instead, Powers asserts a freestanding ineffective-assistance-of-counsel claim, untethered to the enforceability of his appeal waiver. He contends that his counsel rendered constitutionally ineffective assistance in connection with his sentencing. Because that argument does not go to the appeal waiver's enforceability, it is subject to the ordinary rule requiring an appellant to raise arguments in an opening brief. *See Abdullah*, 753 F.3d at 199. And Powers, by waiting to present the claim until his reply brief, forfeited it for purposes of this appeal. We note, though, that his forfeiture of the ineffective-assistance-of-counsel claim on direct appeal does not affect his ability to assert it on collateral review in a motion under 28 U.S.C. § 2255. *Cf. Massaro v. United States*, 538 U.S. 500, 504 (2003).

\* \* \* \* \*

For the foregoing reasons, we affirm the judgment of the district court.

*So ordered.*