# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 20-3006**                                     **September Term, 2020**

FILED ON: MAY 18, 2021

UNITED STATES OF AMERICA,
                APPELLEE

v.

ISSAM HUSSEIN ABU-GHOSH, ALSO KNOWN AS ISAM GHOSH, ALSO KNOWN AS ISSAM HUSSIN HASSUNA, ALSO KNOWN AS SAM GHOSH,
                APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cr-00139-1)

---

Before: PILLARD and WALKER, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

## J U D G M E N T

This is an appeal from a sentence imposed by the United States District Court for the District of Columbia. After briefing and argument, we have considered the issues fully and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d).

We **AFFIRM** the district court's sentence.

\* \* \*

In 2010, Friends Christian School needed a $30 million construction loan. Issam Abu-Ghosh offered to help. The only catch? Abu-Ghosh wanted $250,000 up front. So the school sent the money, but the loan never came. Abu-Ghosh made off with the deposit. Friends Christian was not the only borrower left in the lurch. Two years — and a dozen victims — later, Abu-Ghosh had pocketed nearly a million dollars.

Indicted on various fraud charges, Abu-Ghosh pleaded guilty to one count of conspiracy. *See* 18 U.S.C. § 371. Before he was sentenced, Abu-Ghosh was arrested for depositing phony checks — a violation of Virginia law and the conditions of his release pending sentencing. For that reason, the district court declined to reduce Abu-Ghosh's sentence for "acceptance of responsibility."

A631–32; *see* U.S.S.G. § 3E1.1.[1]  Abu-Ghosh appeals that decision.

Abu-Ghosh had the burden to prove acceptance of responsibility. *United States v. Leyva*, 916 F.3d 14, 28 (D.C. Cir. 2019).  He failed to carry it.  After an evidentiary hearing, the court found that Abu-Ghosh had deposited "clearly fictitious" checks and flouted its order "not to write or deposit any check . . . over $1,000 without prior approval" — actions "inconsistent with accepting responsibility."  A83, 583–623, 632. Abu-Ghosh concedes that such conduct is reason enough to deny sentencing credit.

There is no evidence that the sentence rests on "constitutionally impermissible factor[s]." *United States v. Guillen*, 561 F.3d 527, 531 (D.C. Cir. 2009).  Abu-Ghosh claims that the court "sentenced [him] more harshly" because he invoked his Fifth Amendment privilege during a presentence interview.  Appellant's Brief 25.  As proof, Abu-Ghosh cites the court's warnings that his "conduct" seemed "inconsistent [with] acceptance of responsibility."  A511–14.  What conduct exactly?  The warnings are unclear.  Yet whatever the court meant, it pledged to "withhold judgment" until sentencing.  A514.  And when that day came, the court said nothing about the presentence interview.  Yes, the court refused to let Abu-Ghosh surrender voluntarily because he had "do[ne] an end run on the Probation Office's review."  A647.  But context shows that this "end run" was Abu-Ghosh's failure to "contact[] the Probation Office" before depositing checks — not his choice to take the Fifth.  A631.

Neither does the sentence reflect "antipathy for guilty pleas."  Reply Brief 8 (cleaned up). True, at status conferences the court had repeatedly encouraged the parties to try their case.[2]  But Abu-Ghosh has not shown that the court denied sentencing credit as "vindictive punishment" for exercising his right to plead guilty.  Appellant's Brief 39.  When a district court offers valid and sufficient grounds for a sentence — as it did here — "[w]e take the district court at its word." *United States v. Monzel*, 930 F.3d 470, 485 (D.C. Cir. 2019).

\*     \*     \*

This disposition is unpublished. *See* D.C. Cir. R. 36(d).  We direct the Clerk to withhold the mandate until seven days after any timely petition for rehearing or rehearing en banc is resolved. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(b).

---

[1] "In determining whether a defendant qualifies [for acceptance-of-responsibility sentencing credit], appropriate considerations include . . . withdrawal from criminal conduct . . .." § 3E1.1 cmt 1(B).

[2] *See* A389–90 (May 5, 2016); A400–01 (July 27, 2016); A413–14 (Feb. 21, 2017); A428 (Apr. 24, 2017); A438–39 (June 26, 2017); A459–60 (Oct. 20, 2017).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk

3