# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 22-3031**

**September Term, 2023**

FILED ON: OCTOBER 20, 2023

UNITED STATES OF AMERICA,
APPELLEE

v.

WILBER VIGIL-BENITEZ, ALSO KNOWN AS SOLITARIO,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cr-00170-1)

---

Before: HENDERSON and RAO, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

### <u>J U D G M E N T</u>

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The court has afforded the issues full consideration and determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the following reasons, it is

**ORDERED** and **ADJUDGED** that the appeal be dismissed.

\* \* \*

Wilber Vigil-Benitez voluntarily entered into a plea agreement: in exchange for pleading guilty to seven counts of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and waiving his right to appeal, the government dropped two charges and agreed to Guidelines range reductions for assistance and acceptance of responsibility.

The district court judge accepted his plea, adopted the Guidelines range reductions, and imposed a within-Guidelines sentence of 84 months of imprisonment followed by 36 months of supervised release.

Vigil-Benitez now appeals, challenging the reasonableness of the sentence. While he does

not dispute that he received the benefits of the plea agreement—the two dropped charges and the Guidelines range reductions—he now seeks to avoid the appeal waiver.

But appeal waivers are enforceable. *United States v. Guillen*, 561 F.3d 527, 529 (D.C. Cir. 2009). The plain text of the waiver covers this appeal. The agreement waived the "right to appeal [his] sentence … and the manner in which the sentence was determined," subject to three narrow exceptions: if the court imposed a sentence "above the statutory maximum"; if the court imposed a sentence above the "guidelines range determined by the Court"; or if he appeals "on the basis of ineffective assistance of counsel." Vigil-Benitez does not suggest that any of the explicit exceptions apply, nor do they by their plain terms.

We have acknowledged other general exceptions to enforcement of an appeal waiver such as if the waiver was not "knowing, intelligent, and voluntary," *id.*; if the defendant "received ineffective assistance of counsel in agreeing to the waiver," *id.* at 530; or "if the sentencing court's failure in some material way to follow a prescribed sentencing procedure results in a miscarriage of justice," *id.* at 531. Vigil-Benitez does not argue that any of these apply. From our review of the record, we conclude that no exceptions apply. The transcript of his hearing demonstrates that the waiver was knowing, intelligent, and voluntary. The district court judge explained the waiver at length, and Vigil-Benitez affirmed that he understood it. He does not claim ineffective assistance of trial counsel. And in these circumstances, enforcing the agreement is not a miscarriage of justice. Vigil-Benitez's waiver bars this appeal.

\*　　\*　　\*

For the foregoing reasons, we dismiss the appeal. Pursuant to D.C. Circuit Rule 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:　/s/
　　　Daniel J. Reidy
　　　Deputy Clerk

2