**PUBLISH**
**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

GIAVANNI EDWARD MILES,
a/k/a No Lack,

     Defendant - Appellant.

No. 18-1172

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:17-CR-00339-PAB-2)**
_____

Submitted on the briefs:[*]

Ryan Thomas Truskoski, Ryan Thomas Truskoski, P.A., Las Cruces, New Mexico, for Defendant-Appellant.

Robert C. Troyer, United States Attorney, Marissa R. Miller, Assistant United States Attorney, Denver, Colorado, for Plaintiff-Appellee.
_____

Before **HOLMES**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

**PER CURIAM**.

_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

This matter is before the court on the government's motion to dismiss defendant Giavanni Edward Miles's appeal because it falls within the scope of the appeal waiver contained in his Plea Agreement. We grant the government's motion and dismiss the appeal.

Miles pleaded guilty to two counts of theft of firearms from a federal firearms licensee, in violation of 18 U.S.C. § 922(u). He was sentenced to two concurrent 70-month terms of imprisonment. In his Plea Agreement, Miles "knowingly and voluntarily" waived his right to appeal "any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the applicable advisory guideline range; or (3) the government appeals the sentence[] imposed." Mot. to Enforce, Attach. A at 2. The Plea Agreement further provided: "If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea." *Id.*

The government filed a motion to enforce Miles's appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant

2

knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

Miles first argues that his appeal waiver is unconscionable and contrary to public policy because it is one-sided: he waived his right to appeal, but the government did not. Emphasizing our holding that "contract principles govern plea agreements," *id.* at 1324-25, he asserts that the non-mutual appeal waiver makes his Plea Agreement an unenforceable adhesion contract.

We have not addressed this issue, but several other circuits have rejected Miles's proposition and similar contentions. In *United States v. Powers*, 885 F.3d 728, 732-33 (D.C. Cir. 2018), the court held that a plea agreement was not an unenforceable adhesion contract where it limited the defendant's, but not the government's, appeal rights. The court reasoned that "[a]n appeal waiver . . . gives the defendant an additional bargaining chip to use in securing a plea agreement with the government," and it held that a bargained-for appeal waiver is enforceable "unless the defendant enters into it unknowingly, unintentionally, or involuntarily." *Id.* (internal quotation marks omitted).

In *United States v. Hare*, 269 F.3d 859, 861-62 (7th Cir. 2001), the court rejected a defendant's challenge to his appeal waiver as lacking consideration because the government had not also waived its right to appeal. It held:

> The prosecutor dismissed two out of three counts and promised to recommend a lower sentence if certain conditions were met. That's plenty of consideration for [the defendant's] promises-and contract law does not require consideration to be broken down clause-by-clause, with each promise matched against a mutual and similar promise by the other side.

3

*Id.* at 861 (internal quotation marks omitted); *see also United States v. Hammond*, 742 F.3d 880, 883-84 (9th Cir. 2014) ("[T]he idea behind a plea agreement is that each side waives certain rights to obtain some benefit.  But there are ample reasons that a defendant might enter a plea agreement short of extinguishing the government's right to appeal, including the possibility of a lower sentence and the dismissal of other charges." (citation omitted)).

One circuit construes a defendant's non-mutual appeal waiver as implicitly waiving the government's right to appeal as well.  *See United States v. Guevara*, 941 F.2d 1299, 1299-1300 (4th Cir. 1991) (concluding that to do otherwise was "too one-sided" and "that such a provision against appeals must also be enforced against the government, which must be held to have implicitly cast its lot with the district court, as the defendant explicitly did").  But the same court declined to extend *Guevara* to a case where the government had explicitly preserved its right to appeal in the plea agreement.  *See United States v. Zuk*, 874 F.3d 398, 406-07 (4th Cir. 2017).  The court upheld a non-mutual appeal waiver in that context, reasoning:

> [T]o the extent that [the defendant] invites us to extend *Guevara* and now hold for the first time that the waiver of appeal rights must always be reciprocal in plea bargaining, regardless of the parties' desire to negotiate otherwise, we decline to do so.  It redounds to the benefit of both criminal defendants and the government to have flexibility in negotiating the terms of plea agreements, including whether the parties will retain their respective rights to appeal the district court's chosen sentence. . . .  It is far from clear that the government would have elected to strike [the same] bargain—under which [the defendant] received a substantial benefit, no matter the outcome of this appeal—without [his] express agreement that the United States had preserved its right to appeal the district court's sentencing decision.  Because there is nothing unconscionable or contrary to public policy in

permitting a criminal defendant and the government to agree to terms where the defendant waives his appellate rights and the government does not, we refuse to rewrite the parties' plea agreement in this case by striking the provision that allows the government to appeal [the defendant's] sentence . . . . Accordingly, because the plea agreement explicitly preserved the government's appellate rights, we reject [the] argument that this appeal is barred by an *implied* appellate waiver.

*Id.* at 407-08 (citation and internal quotation marks omitted).

We agree with our sibling circuits' reasoning in upholding Miles's non-mutual appeal waiver. The government agreed to dismiss two of the four counts in the indictment, to give Miles full credit for acceptance of responsibility, and to recommend a sentence at the low end of the guidelines range. Thus, his appeal waiver is "supported by the overall consideration given for the plea." *Hare*, 269 F.3d at 862. He does not contend that his waiver was unknowing. And he fails to show that, due to the lack of mutuality in the appeal waiver, his Plea Agreement is unconscionable, contrary to public policy, or an unenforceable adhesion contract.[1]

Miles asserts, alternatively, that he received ineffective assistance of counsel in the negotiation of his appeal waiver. *See Hahn*, 359 F.3d at 1327 (holding enforcement of an appeal waiver results in a miscarriage of justice "where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid" (internal quotation marks omitted)). But Miles does not develop this claim in response to the government's motion, stating it would be "futile" because "ineffective assistance is not apparent on the face of the record." Resp. at 4. Instead,

---

[1] Miles's cases—which address one-sided arbitration clauses in commercial take-it-or-leave-it form contracts—do not inform our analysis.

5

Miles asks this court to "dismiss his appeal without prejudice so he may pursue relief in the district court," presumably on an ineffective-assistance claim. *Id.*

We decline to do so. As Miles readily acknowledges, "a defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *Id.* In his Plea Agreement, Miles preserved his right to pursue an ineffective-assistance claim in a collateral proceeding. Thus, Miles may raise his claim in the district court, should he choose to, in such a collateral proceeding.

We grant the government's motion to enforce Miles's appeal waiver and dismiss his appeal.