**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOHNNY JOE JUAREZ,

    Defendant - Appellant.

No. 19-1232
(D.C. No. 1:17-CR-00235-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

Johnny Joe Juarez pleaded guilty to drug trafficking and firearm crimes. He was sentenced to 180 months' imprisonment, which was well below the advisory guideline range. Although his plea agreement contained a waiver of his right to appeal, he filed a notice of appeal. The government then filed a motion to enforce the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In ruling on a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Mr. Juarez, however, does not address any of these factors. Instead, he claims the appeal waiver is unenforceable because the one-sided nature of the waiver renders the plea agreement unconscionable and because the government intended and/or attempted to breach the plea agreement.

We can easily dispose of Mr. Juarez's first argument that the plea agreement is unconscionable because, as he acknowledges, "[a] panel of this Court has issued a decision rejecting this argument," Resp. at 3 (citing *United States v. Miles*, 902 F.3d 1159 (10th Cir. 2018)). It is well-established that "[w]e cannot overrule the judgment of another panel of this court" and "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam). Based on our decision in *Miles*, 902 F.3d at 1160-61, we reject Mr. Juarez's argument that the plea agreement is unconscionable because it contains a non-mutual appeal waiver.

As for his second argument, Mr. Juarez contends that the government "attempted to breach the plea agreement," Resp. at 3, and "intended to breach the plea agreement," *id*. at 4, by making an argument at sentencing that appeared to support a four-level increase for his role as an organizer or leader in the offense when the government had stipulated in the plea agreement that Mr. Juarez should only

2

receive a two-level increase for that conduct. Mr. Juarez concedes, however, that "the district court ruled in favor of the defense on this issue." *Id*.

At the conclusion of the sentencing hearing, the district court applied the two-level increase consistent with the government's stipulation and the terms of the plea agreement. Mr. Juarez therefore received the benefit he bargained for under the plea agreement. Given these circumstances, the government's alleged intent or attempt to breach the plea agreement provides no basis to prevent enforcement of the appeal waiver in the plea agreement.

For the foregoing reasons, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam