FILED
United States Court of Appeals
Tenth Circuit

May 1, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GERARDO AGUILAR TORRES,

    Defendant - Appellant.

No. 19-4103
(D.C. No. 4:18-CR-00099-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Gerardo Aguilar Torres pleaded guilty to possession of methamphetamine with

intent to distribute in violation of 21 U.S.C. § 841(a)(1).  The district court sentenced

him to 70 months in prison, after granting the government's motion for a two-level

reduction that lowered Mr. Aguilar's advisory sentencing guidelines range to 70 to 87

months.  Mr. Aguilar's plea agreement contained a broad waiver of his right to

appeal his sentence.  Despite this waiver, he seeks to appeal his sentence.  The

government has filed a motion to enforce the appeal waiver under *United States v.*

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

Under *Hahn*, we consider the following three factors in determining whether to enforce an appeal waiver in a plea agreement: (1) does the disputed appeal fall within the scope of the waiver; (2) was the waiver knowing and voluntary; and (3) would enforcing the waiver result in a miscarriage of justice. *Id*. at 1325. Mr. Aguilar argues only that enforcing the waiver would result in a miscarriage of justice. Because he does not assert that his appeal is outside the scope of his appeal waiver or that the waiver was not knowing and voluntary, we need not address those factors, *see United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

In *Hahn*, we held that enforcement of an appeal waiver does not result in a miscarriage of justice unless it would result in one of four enumerated situations. 359 F.3d at 1327. Those four situations are: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id*. (internal quotation marks omitted). Mr. Aguilar contends that enforcing his appeal waiver would result in a miscarriage of justice because his counsel was ineffective in the negotiation of the waiver, he was not given any consideration in exchange for his waiver, and the waiver should not be enforced against a claim of serious guideline error.

Mr. Aguilar's claim that the waiver is void because of plea counsel's alleged ineffectiveness cannot be raised on direct appeal. Thus, that claim does not prevent enforcement of the appeal waiver at this stage in the proceedings. In *Hahn*, we explained that "[g]enerally, we only consider ineffective assistance of counsel claims on collateral review." *Id*. at 1327 n.13. And we expressly stated that *Hahn*'s miscarriage-of-justice holding "does not disturb this longstanding rule." *Id*. We later reiterated that "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *Porter*, 405 F.3d at 1144.

Despite our general rule, Mr. Aguilar urges us to consider his claim for ineffective assistance of counsel on direct appeal because "counsel's ineffective assistance is apparent from the record on appeal . . . ." Resp. at 4. We decline to do so. We have "considered ineffective assistance of counsel claims on direct appeal in limited circumstances, but only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists." *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011). "[E]ven if the record appears to need no further development, the claim [for ineffective assistance of counsel] should still be presented first to the district court in collateral proceedings . . . so the reviewing court can have the benefit of the district court's views." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). The circumstances here do not fall within the

3

narrow exception to our general rule because the district court has not had an opportunity to rule on Mr. Aguilar's claim of ineffective assistance of counsel.[1]

Next, Mr. Aguilar argues that he received no consideration in exchange for his waiver and therefore it is unconscionable to enforce it. We disagree with Mr. Aguilar's characterization of the agreement between the parties. Considering both the plea agreement that was publicly filed and the plea supplement that was filed under seal the same day, Mr. Aguilar received consideration for his waiver.

Finally, Mr. Aguilar argues that enforcing the waiver against a claim of serious guideline error would result in a miscarriage of justice. He specifically invokes *Hahn*'s fourth miscarriage-of-justice situation—where the waiver is otherwise unlawful. He asserts that the district court erred in denying his request to reduce his guidelines range by seven levels because he was a minimal participant in the criminal activity. But his argument focuses on the seriousness of the sentencing error, not on the lawfulness of the waiver. That, however, is not the correct inquiry. As we have explained:

> Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is

---

[1] We reject Mr. Aguilar's suggestion that we should adopt a new procedure of ordering a limited remand for district courts to consider whether to invalidate an appeal waiver based on a claim of ineffective assistance of counsel. Our case law has consistently held that claims of ineffective assistance of counsel should be raised in a collateral proceeding, even when a defendant raises the claim in an effort to invalidate an appeal waiver. *See, e.g., United States v. Miles*, 902 F.3d 1159, 1162 (10th Cir. 2018) (per curiam); *Porter*, 405 F.3d at 1144; *Hahn*, 359 F.3d at 1327 n.13. And in *Galloway*, we stated that "we will not remand for [the development of a factual record or an opinion by the district court on a claim of ineffective assistance of counsel] during the direct appeal of a case." 56 F.3d at 1241.

4

> possible. An appeal waiver is not "unlawful" merely because the claimed error would, in the absence of waiver, be appealable. To so hold would make a waiver an empty gesture.

*United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) (citation omitted).

Mr. Aguilar's contention that his claim of guideline error is serious and that such an error should be reviewable does not explain how his waiver here is otherwise unlawful. We acknowledge his policy arguments regarding sentencing, his assertion that our prior published decisions enforcing appeal waivers to dismiss claims of guideline error misread *Hahn*, and his citation to Supreme Court decisions that discuss guideline errors in the context of plain-error review. But none of these cast doubt on our case law on appeal waivers or alter the requirement that to fit within *Hahn*'s fourth miscarriage-of-justice situation the defendant must show that the waver itself is otherwise unlawful.

Mr. Aguilar has failed to show that enforcing his appeal waiver would result in a miscarriage of justice. Accordingly, we grant the government's motion to enforce and dismiss this appeal. We also grant the government's motion to file its reply under seal. This dismissal is without prejudice to Mr. Aguilar filing a collateral proceeding to bring a claim of ineffective assistance of counsel.

Entered for the Court
Per Curiam