**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 2, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DIMAS RODRIGUEZ-RUIZ,

    Defendant - Appellant.

No. 22-2129
(D.C. No. 2:22-CR-00242-KG-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Dimas Rodriguez-Ruiz appeals from his sentence despite the appeal waiver in

his plea agreement.  The government now moves to enforce that waiver under *United*

*States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).  Through counsel,

Rodriguez-Ruiz responds that the appeal waiver is unenforceable for lack of

consideration.  For the reasons explained below, we grant the government's motion.

I.    **BACKGROUND & PROCEDURAL HISTORY**

In February 2022, a grand jury in the District of New Mexico indicted

Rodriguez-Ruiz for the crime of illegal reentry into the United States.  He chose to

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

accept a plea deal offered by the government.  Specifically, he agreed to plead guilty to the illegal-reentry charge (the only charge alleged in the indictment), and to waive his right to appeal the conviction or sentence.  He also agreed not to seek a downward departure or variance, or otherwise seek a sentence below the guidelines range.

The government, for its part, stipulated that Rodriguez-Ruiz met the requirements for a two-level acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1(a).  The government also agreed to move for an additional one-level reduction under § 3E1.1(b), if applicable.  Finally, the government agreed not to bring other criminal charges against Rodriguez-Ruiz arising out of the facts underlying the indictment.

Following a hearing, the district court accepted Rodriguez-Ruiz's plea.  The parties then prepared for sentencing, and the presentence report included a two-level reduction under § 3E1.1(a) and a one-level reduction under § 3E1.1(b).  Combined with his criminal history, his guidelines range came out to 37–46 months.  The district court ultimately accepted the presentence report without change and sentenced Rodriguez-Ruiz to 37 months' imprisonment.

Rodriguez-Ruiz timely filed a notice of appeal, leading to the current proceeding.

II.    ANALYSIS

The government's motion to enforce would normally require us to ask three questions: "(1) whether the disputed appeal falls within the scope of the waiver of

appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. But we need not address a *Hahn* factor that the defendant does not dispute, *see United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005), and Rodriguez-Ruiz does not raise any challenge under these factors. He instead argues that his appeal waiver is unenforceable due to lack of consideration. *Cf. Hahn*, 359 F.3d at 1324–25 ("[C]ontract principles govern plea agreements."). He claims he could have received the § 3E1.1(a) and (b) reductions without a plea agreement, and there is no evidence of other charges the government could have brought. Therefore, in Rodriguez-Ruiz's view, he could have pleaded blindly and ended up in the same place without waiving his right to appeal, and the government gave nothing in exchange for that waiver—so the waiver fails and must be severed.

"Whether a defendant's appeal waiver set forth in a plea agreement is enforceable is a question of law we review de novo." *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1221 (10th Cir. 2008). When a defendant argues lack of consideration for an appeal waiver, we look at the whole plea agreement because the "appeal waiver [may be] supported by the overall consideration given for the plea." *United States v. Miles*, 902 F.3d 1159, 1161 (10th Cir. 2018) (internal quotation marks omitted).

The government tells us, however, that we should look at this question solely from a plain-error perspective, given that Rodriguez-Ruiz did not raise any

3

consideration challenge in the district court.  The government relies on *United States v. Rollings*, 751 F.3d 1183, 1191 (10th Cir. 2014), where we held, "If defense counsel did not object to the validity of the plea, we review solely for plain error."  In *Rollings*, we were specifically addressing an argument that the entire plea was not knowing or voluntary, and therefore the appeal waiver within the plea agreement was likewise involuntary.  *See id.* at 1187–91.  Here, Rodriguez-Ruiz attacks the appeal waiver, not his plea agreement overall, nor the resulting guilty plea.  We will therefore apply our typical standard of review.[1]

We have previously held that overall consideration such as that given here was enough to support an appeal waiver.  *See United States v. Hernandez*, 134 F.3d 1435, 1437–38 (10th Cir. 1998) (noting that the government agreed to a "three level reduction in [the defendant's] base offense level" and "agreed not to prosecute [the defendant] for additional charges arising out of conduct then known to the United States"); *cf. United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1216 (10th Cir. 2008) (rejecting an argument that defense counsel had been ineffective because counsel had allegedly negotiated a plea agreement with no benefit to the defendant; among other

---

[1] His argument seemingly implies the invalidity of the entire plea agreement— and, by extension, the resulting plea—because he is attacking the consideration for the plea agreement generally.  But the government does not argue that he cannot have it both ways, *i.e.*, he cannot invalidate the appeal waiver without invalidating the rest of the plea agreement.  We will therefore take his argument at face value.  *See Rollings*, 751 F.3d at 1190 n.5 ("Where only the appellate waiver provision is challenged, as in most cases, we are not obligated to consider whether the plea in the plea agreement is valid.").

things, the government had "agreed to recommend a reduction for acceptance of responsibility").

Rodriguez-Ruiz counters with a Second Circuit case holding that the government's agreement regarding the acceptance-of-responsibility adjustments could not be consideration for an appeal waiver because that three-level adjustment "was available to [the defendant] even in the absence of an agreement to waive his right to appeal." *United States v. Lutchman*, 910 F.3d 33, 37 (2d Cir. 2018). In support, the Second Circuit relied on guidelines commentary stating, "The government should not withhold [a § 3E1.1(b) motion] based on . . . whether the defendant agrees to waive his or her right to appeal." *Id.* at 37–38 (quoting U.S.S.G. § 3E1.1 cmt. n.6) (internal quotation marks omitted; alterations in original). The Second Circuit appears to be saying that

- the district court could grant a two-level adjustment (§ 3E1.1(a)) without government support (which is correct); and,

- although the additional one-level adjustment (§ 3E1.1(b)) requires a government motion, the guidelines commentary forbids the government from conditioning that motion on an appeal waiver.

Accordingly, government agreements regarding acceptance of responsibility cannot support an appeal waiver.

We need not address whether the Second Circuit correctly discerned the effect of the guidelines commentary. We point out, first, that the Second Circuit seems to have been searching for consideration specific to the appeal waiver, which is contrary

to this circuit's focus on consideration for the plea agreement generally, *see Miles*, 902 F.3d at 1161. We also note that the Second Circuit did not discuss the value of the government's agreement to support a two-level adjustment under § 3E1.1(a). It is the defendant's burden to prove entitlement to that adjustment. *See United States v. Melot*, 732 F.3d 1234, 1244 (10th Cir. 2013). Rodriguez-Ruiz gives us no reason why we should conclude that the government offers nothing of value when it agrees to support the defendant in carrying that burden.

Rodriguez-Ruiz points to the same Second Circuit decision for the notion that an agreement not to bring other charges is insufficient where "[the defendant] pleaded guilty to the only count charged in the information, and the government has not articulated or identified any additional counts that could have been proven at trial." *Lutchman*, 910 F.3d at 38. We agree with the government, however, that "the record does not indicate whether the government could have done so [in this case] because Rodriguez-Ruiz did not raise this argument in the district court. The government therefore never had the chance to address whether it could have brought additional charges arising from the same facts." Reply at 5. Moreover, "parties cannot build a new record on appeal." *N.M. Dep't of Game & Fish v. United States Dep't of the Interior*, 854 F.3d 1236, 1240 n.1 (10th Cir. 2017). Thus, it would be inconsistent with due process for this court to fault the government for failing to present evidence on an issue it never knew would be contested. *Cf. Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994) (holding that due process required relief from

6

judgment when the burdened party "was not given any notice" of the relevant proceeding and "had no reason whatsoever to anticipate [it]").

## III.    CONCLUSION

For all these reasons, we reject Rodriguez-Ruiz's lack-of-consideration argument, grant the government's motion to enforce the appeal waiver, and dismiss this appeal.

Entered for the Court
Per Curiam